IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 3:14-cr-00488-B-1 |
| | § | |
| SERVANDO VEGA CERVANTES, | § | |
| ID #48832-177, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Servando Vega Cervantes's pro se *Motion for Reduction in Sentence in Accordance with 18 U.S.C. 3582(c)(1)(A) (For Purposes of Voluntary Administrative Deportation)* ("Motion"), received on April 3, 2026 (Doc. 79). After considering the Motion, the record, and the applicable authorities, the Court **DENIES** the Motion.

## I. BACKGROUND

After being charged by criminal complaint and indictment, Cervantes pled guilty under a plea agreement to three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). *See* Docs. Nos. 1, 12, 19, 24. The Court sentenced him to 360 months' imprisonment on each count, to run consecutively for an aggregate term of 1,080 months' imprisonment and to be followed by five years of supervised release. *See* Doc. 66. The United States Court of Appeals for the Fifth Circuit dismissed his appeal. *See* Doc. No. 75. Cervantes's motion to vacate under 28 U.S.C. § 2255 was dismissed as barred by the statute of limitations. *See Cervantes v. United States*, No. 3:19-CV-1384-B-BK, 2019 WL 7593243, at *1-4 (N.D. Tex. Dec. 19, 2019), *rec. adopted*, 2020 WL 247454 (N.D. Tex. Jan. 15, 2020).

Cervantes now seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling reasons. *See* Doc. 79. He argues that a sentence reduction is

warranted based on: (1) his eligibility, as a native and citizen of Mexico who is illegally in the United States, for deportation under the Immigration and Naturalization Act ("INS"); and (2) his unusually long sentence. *See id.* at 3. He also appears to argue that the sentencing factors set forth in 18 U.S.C. § 3553(a) and his conduct while incarcerated support a sentence reduction. *See id.* at 4-6.

## II. ANALYSIS

A prisoner seeking a sentence reduction under § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A) (internal quotation marks omitted). On November 1, 2023, the United States Sentencing Commission issued an amended policy statement setting forth non-exclusive circumstances that constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. After a complete review of the Motion, the applicable sentencing factors provided in § 3553(a), and the policy statements issued by the Sentencing Commission, the Court concludes that Cervantes's request for a sentence reduction under § 3582(c)(1)(A) must be denied.

Citing U.S.S.G. § 1B1.13(b)(5) and (b)(6), Cervantes seeks a sentence reduction based on his deportability to Mexico and based on the length of his sentence. *See* Doc. 79 at 3. Regarding his deportability as a basis for reducing his sentence, the Court notes that Cervantes appears to support his position by relying on prior INS statutory provisions that have since been amended, transferred, or redesignated. *See* Doc. 79 at 1, 4-5. Such reliance is misplaced. Under current law, an alien serving a term of imprisonment, like Cervantes, generally may not be removed from the

2

United States "until the alien is released from imprisonment," and such imprisoned individuals do not have a private right to compel their release or removal, or to compel consideration of same. 8 U.S.C. § 1231(a)(4)(A), (D); *see also Texas v. United States*, 524 F. Supp. 3d 598, 636-37 (S.D. Tex. Feb. 23, 2021) (noting redesignation and amendment of 8 U.S.C. § 1252(i) to 8 U.S.C. § 1231). Cervantes is not excepted from this general rule prior to the completion of his sentence due to his specific offenses of conviction. *See* 8 U.S.C. § 1231(a)(4)(B)(i). The Court therefore finds that Cervantes has not shown that his status as a deportable alien constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).

To the extent Cervantes seeks a sentence reduction based on an "unusually long sentence," he provides no legal authorities or arguments to support his conclusory description of his sentence as unusually long for purposes of a sentence reduction. Indeed, at the time Cervantes was sentenced, the statutory range of imprisonment for each of his offenses of conviction was—and remains to this date—15 to 30 years of imprisonment. *See* Doc. 35-1 at ¶ 102; 18 U.S.C. § 2251(a), (e). According to the pre-sentence report ("PSR") submitted in this case by the United States Probation Office, Cervantes's guideline imprisonment range was life imprisonment based on his offense level and criminal history score; that imprisonment range was truncated and reduced to the statutory maximum sentence permitted by his combined offenses of conviction. *See* Doc. 35-1 at ¶¶ 103-04. The Court sentenced him to the statutory maximum, and Cervantes fails to show that his sentencing exposure would be any different today. As Cervantes has not shown that his sentence is unusually long, the Court concludes that the length of his sentence is not an extraordinary and compelling reason warranting a sentence reduction.

Further, even if Cervantes's claims, separately or in combination, were sufficient to show the existence of extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A), based on the record as a whole and after weighing the § 3553(a) sentencing factors, the Court finds in its discretion that they do not support Cervantes's request for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The nature and circumstances of Cervantes's offenses and his history and characteristics do not justify a reduced sentence.

The PSR shows that, as to his charged offenses, Cervantes knowingly misrepresented and portrayed himself as a 15-year-old girl on social media to persuade and induce an 11-year-old minor and a 14-year-old minor to send him lewd and lascivious images of themselves. These offenses against both minors also involved the commission of a sexual act or sexual contact by Cervantes. Cervantes also stipulated to the production of child pornography as to a third minor, for which conduct he was not formally charged or prosecuted. Further, law enforcement discovered lewd and lascivious images and videos of an additional fourth prepubescent male on a flash drive and cellphone belonging to Cervantes. Because law enforcement was unable to contact the fourth victim, Cervantes was not held accountable for the images and videos portraying him. Cervantes's actions demonstrated a pattern of activity involving prohibited sexual conduct, for which his offense level was increased by five levels. Under the sentencing guidelines, Cervantes is a repeat and dangerous sex offender against minors. As the Court has already noted, his guideline imprisonment range—despite no prior arrests or convictions—was still life imprisonment. Yet that range was truncated to 1,080 months because of the statutory maximum of each offense of conviction.

In light of the above, reducing Cervantes's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes.  While the Court acknowledges Cervantes's efforts to maintain employment, good conduct, and connections with his family during his incarceration, it finds that the § 3553(a) factors do not support a sentence reduction at this time. *See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

## III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Cervantes's Motion.

**SO ORDERED** this 28th  day of April, 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE